[Civ. No. 6199.   Fourth Dist.   Dec. 4, 1959.]

THE PEOPLE ex rel. JAMES DON KELLER, as District Attorney, etc., Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents; EARL MILFORD NELSON, Real Party in Interest.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Jack E. Goertzen, Deputy Attorney General, James Don Keller, District Attorney (San Diego), and Stuart C. Wilson, Deputy District Attorney, for Petitioner.

No appearance for Respondents.

Thomas Whelan, O'Connor & Murphy, Ray Miller and Peter J. Hughes for Real Party in Interest.

John W. Porter, as Amicus Curiae on behalf of Real Party in Interest.

MUSSELL, J.—In this petition the district attorney of San Diego County prays that this court issue an alternative writ of prohibition to Edgar B. Hervey, Judge of the Superior Court in and for the County of San Diego, restraining said judge from proceeding with the trial of the case of *The People of the State of California* v. *Earl Milford Nelson, Superior Court No. CR-1106,* until further order of this court and to show cause before this court, at a specified time and place, why its order directing the district attorney to produce information regarding jurors should not be revoked, as being in excess of its jurisdiction.

Earl Milford Nelson, a real party in interest, was charged by the grand jury of the county of San Diego on September 21, 1959, by indictment with the crimes of attempted murder (Pen. Code, §§ 664, 187), lewd and lascivious act with a child under fourteen years (Pen. Code, § 288), and murder (Pen. Code, § 187). The defendant entered a plea of not guilty and November 12, 1959, was set as the trial date. On November 5, 1959, counsel for defendant Nelson moved the court for an order directing the district attorney of the county of San Diego "to make available to counsel for defendant all information said office has concerning members of the jury panel from which the petit jury in the above entitled case will be selected." This motion was based on the affidavit of Peter J. Hughes, the attorney for the defendant, and on all matters to be presented at the time of the hearing on said motion. The affidavit of Attorney Hughes is not before us and the only indication of its content is the statement in the petition herein that "Attorney Hughes by affidavit alleges on information and belief that said District Attorney has records which indicate for each case on which a juror sat in the past, the charge, the court, the attorneys, whether the jury convicted, acquitted or disagreed, their deliberation time, and in some instances information concerning the deliberations and attitudes of various jurors."

A certified reporter's transcript of all of the proceedings on the hearing of the motion is before us and it appears therefrom that there was no formal order made by the trial court and that there was no determination or finding made by the trial court of jurisdictional facts sufficient to support the order made at the hearing on the motion. The reporter's transcript shows that the court after extended remarks, said:

"So it will be ordered in this case that the defense counsel be furnished with any record in the possession of the District Attorney's office of the performance of the jurors on the present panel before whom his client will be tried. . . .

"As to the entire panel from which the jury will be chosen that will try this case. Now, if there is more than one panel, you needn't give him any information on any other panel but the one that is going to try this case, but any information as to how the jurors have voted that you may have with respect to or any record that you may have of how you are informed they vote, any record that you keep in your office of how jurors on the panel from which the jury is to be selected that will try this defendant, any record of that kind in the possession of your office is to be exhibited to counsel and he is to be permitted to make a copy of it not later than 3:00 o'clock this afternoon."

This order requiring the district attorney to make available to defense counsel any record in his possession or information which he has concerning the jurors on the panel is clearly unauthorized and beyond the jurisdiction of the trial court.

Counsel for a defendant has the right on voir dire examination to question each juror as to his qualifications to sit as such juror and there is no statutory authority or principle which authorizes the trial court by blanket order, such as was made in the instant case, to compel the district attorney to furnish to defense counsel all the private information he may have respecting jurors. There was no showing that the district attorney is possessed of any information that would cause any juror to be disqualified as a matter of fact or law in the case at bar.

The only decision in California involving a matter of this character is *People* v. *Ruef*, 14 Cal.App. 576, 596 [114 P. 48, 54]. In that case, a deputy district attorney was called to the stand and upon his admission that the district attorney had some record or report concerning prospective jurors, a request was made for an order directing its production. The court refused such order and upon appeal the ruling was

assigned as error. The appellate court held that the ruling was correct. Among other things, it was stated:

"It is the province of the district attorney, and also of the attorney for the defendant, in a criminal case to find out all he can in a legitimate way as to the character, standing and integrity of the several jurors. . . . While a defendant in a criminal case is guaranteed a fair trial by an impartial jury, and while he is given the right to peremptorily challenge twice as many jurors as the prosecution, we have never heard of that right being extended so as to give him access to the district attorney's memoranda, papers or documents until they are legally produced in court."

Similar questions have arisen in the federal courts and it appears to have been the uniform ruling that information in the hands of the prosecution with reference to prospective jurors is not available to the defendant. (*Best* v. *United States,* 184 F.2d 131; *United States* v. *Costello,* 255 F.2d 876; *Hamer* v. *United States,* 259 F.2d 274.)

The trial court is prohibited from carrying into effect the terms of said order. Nothing in this opinion shall be construed as restraining the trial of the action here involved. Writ issued accordingly.

Griffin, P. J., and Shepard, J., concurred.

A petition of the real party in interest for a rehearing was denied December 22, 1959, and his petition for a hearing by the Supreme Court was denied January 27, 1960. Gibson, C. J., Traynor, J., and Peters, J., were of the opinion that the petition should be granted.